UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
GENEVIEVE JOHN,

       Plaintiff,

 -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK AND THE BOARD OF EDUCATION
OF THE CITY SCHOOL DISTRICT OF THE CITY OF
NEW YORK,

       Defendants.
--------------------------------------------------------------- x

FILED
IN CLERK'S
US DISTRICT COURT
★ AUG 30, 2016
BROOKLYN O...

MEMORANDUM &
ORDER

15-cv-2407 (ENV) (RER)

VITALIANO, D.J.,

 Plaintiff Genevieve John is a tenured teacher with the defendant New York City Department of Education ("DOE").[1] The lawsuit is brought pursuant to Title VII of the Civil Rights Act of 1965 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). It purports to plead claims of discriminatory treatment and a hostile work environment based on John's age (54 years old), her race (African American), and in retaliation for her complaining of discrimination. Amended Complaint ("Compl."), ECF Dkt. No. 8 at ¶¶ 1, 7, 21, 23. Defendant moves to dismiss the amended complaint, pursuant to Rule 12(b)(6). For the reasons below, the motion is granted in its entirety.

Background

 John is a special education, English as a Second Language ("ESL"), and literacy teacher

---

[1] The caption names the Department of Education of the City of New York and the Board of Education of the City School District of the City of New York. However, defendant is actually one legal entity, a defect that defendants noted in their original pre-motion conference letter. ECF Dkt. No. 5. It also a reflection of state legislative ambivalence regarding the governing structure for New York City public schools—with successive incarnations and reincarnations of school boards and departments.

at P.S. 200, located at 1940 Bensen Avenue in Brooklyn. She claims she has been subject to "biased investigations," false accusations, "biased" and "retaliatory" observations and performance reviews, "micro management [sic] and microscopic scrutiny on a daily basis," "demeaning comments," "biased memos, letters to the file and discipline," yelling from the assistant principal and principal, pointless meetings, and intentional disruption of her class. Compl. at ¶ 9(1)-(28). She further alleges the assistant principal began a campaign of harassment, hiding and distorting information to cast negative light on her, while also manipulating the principal against her. *Id.* at ¶ 9(16)-(17). The complaint states that she was "forced to sign papers and attend meetings without adequate notification and information" and that parents and students were forced to make false statements against her. *Id.* at ¶ 9(20)-(22). John alleges that she was removed from a "SETTS" position held for 7 years, and that she received a "bias, retaliatory and false" performance review for the 2014-2015 school year that culminated in a "Developing" rating in an effort to force her to retire. *Id.* at ¶ 9(26)-(27). John further alleges that she and other African American and older teachers were treated differently than younger, non-African American teachers. *Id.* at ¶¶ 10-13.

## Standard of Review

The worthiness of any cause of action begins with an analysis of the complaint. Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." A litigant need not supply "detailed factual allegations" in support of her claims, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), but she must provide more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "A pleading that offers 'labels and conclusions' ... will not do." *Id.* (quoting

*Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

To survive a Rule 12(b) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotations omitted). On a Rule 12(b)(6) motion, the trial court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008) (quotation omitted).

## Discussion

I. <u>Plaintiff's Claims are Untimely</u>

In New York, Title VII and ADEA claims are subject to a 300-day statute of limitations measured by the filing of the Equal Employment Opportunity Commission ("EEOC") charge of discrimination by the aggrieved employee. *See* 29 U.S.C. § 626(d)(1)(B), § 633(b); 42 U.S.C. § 2000e-5(e)(1). Plaintiff filed her EEOC charge on November 5, 2014. Computing the limitations period, her complaint may only reach discrete discriminatory acts that occurred before the filing date on or after January 9, 2014. Yet the vast majority of John's allegations lack any timeframe whatsoever, and the handful of allegations that do include dates either pre- or post-date the EEOC charge. In her list of grievances, John notes "biased formal and informal observations on or about May 31, 2013 and at other times," Compl. at ¶ 6; a "biased" performance review in June 2013, *id.* at ¶ 7; receiving a teacher improvement plan in September 2014, *id.* at ¶ 9; a "biased" letter for her file dated June 19, 2013; and a "biased, retaliatory and

3

false" letter dated May 21, 2015, along with two "retaliatory" observations in February and April of 2015, *id.* at ¶ 26. The allegedly biased observations, letters, and performance reviews all pre-date January 9, 2014. The only dated occasion within the limitations period is a teacher improvement plan submitted on or around September 2014.

John attempts to connect these events as collective subparts of a continuing violation, tolling the statute of limitations. *See Annis v. Cty. of Westchester*, 136 F.3d 239, 246 (2d Cir. 1998). However, "[t]his doctrine is 'disfavored' in the Second Circuit and only applies in 'the most compelling circumstances.'" *Barkley v. City of New York*, No. 12-CV-2159 (JG), 2014 WL 25270, at *11 (E.D.N.Y. Jan. 2, 2014) (quoting *Petrosky v. N.Y. State Dep't of Motor Vehicles*, 72 F. Supp. 2d 39, 48 (N.D.N.Y. 1999). Here, John does not connect the improvement plan in September 2014 to any of the other events, except to state in broad and conclusory terms that they were all "retaliatory" or "biased." Absent clearly pleaded facts linking the events, the continuing violation doctrine is inapplicable. As a consequence, the vast majority of the complaint's allegations of discrimination fall outside the limitations period and are barred as untimely.

II. <u>Substantive Failure to State a Claim</u>

Even if the complaint clearly and unambiguously stated that all of this conduct took place within the limitations period (including the one actually within the period), John makes no attempt to indicate, beyond conclusory terms, how such actions were "biased," how these events were discriminatory or retaliatory, and, in most instances, who perpetrated the action deemed to be wrongful. It is impossible for a reasonable adversary to determine, for example, what activity John participated in that prompted retaliation, as John refers alternately to her EEOC complaint, which seems to post-date most conduct, and also internal complaints, which indicate no time

4

period whatsoever and identify neither statements made nor actors involved.

Nor is there any indication of discriminatory intent. John says that "[y]ounger teachers and other non-African-American teachers do not face the same scrutiny as Plaintiff," "the foregoing conduct was continuous on a frequent basis ... [and] on going [sic] and continuous practice which has continued" and that "[t]he conduct described in above paragraphs was done intentionally and based on Plaintiff's age and race." Compl. at ¶¶ 12-14. This rote recitation of the statutory elements, and the assertion, in blanket terms, that the law was violated without providing any factual underpinning, remain insufficient to satisfy the bare bones pleading requirements of Rule 8(c). Numerous decisions in this circuit have dismissed discrimination claims at the Rule 12 stage where plaintiffs have failed to adequately plead facts showing discriminatory intent. That a pleader "feels" she was treated discriminatorily is no substitute for the pleading of facts beyond age and race of the pleader from which a plausible inference of discrimination may be drawn. *See Durant v. N.Y.C. Hous. Auth.*, No. 12-CV-937 (NGG) (JMA), 2013 WL 1232501, at *5 (E.D.N.Y. Mar. 4, 2013) (collecting cases), *report and recommendation adopted*, 2013 WL 1247516 (E.D.N.Y. Mar. 26, 2013). Simply put, the complaint fails to give notice of any facts that could plausibly be construed as establishing that John's treatment by largely unknown persons at DOE was based in any way on her membership in a protected class or her participation in any protected activity.[2]

---

[2] Further, John cannot show that her allegations constituted adverse employment actions for purposes of Title VII or ADEA. "To qualify as an adverse employment action, the employer's action toward the plaintiff must be materially adverse with respect to the terms and conditions of employment. It must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) (internal quotation marks and citations omitted). Negative evaluations, written reprimands, and disciplinary meetings are not in themselves sufficient to rise to the level of an adverse employment action "absent some accompanying adverse result such as demotion, diminution of

Finally, plaintiff's opposition to the motion filed by defendants, which was prepared by her counsel, did not request leave to amend, nor did it give any indication that through a second amendment plaintiff could supply sufficient facts to advance any timely claims. Therefore, amendment would be futile. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

## Conclusion

For the foregoing reasons, defendant's motion to dismiss is granted in its entirety.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
August 22, 2016

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge

---

wages, or other tangible loss." *Brown v. City Univ. of N.Y.*, 419 F. Supp. 2d 315, 332 (E.D.N.Y. 2005) (collecting cases), *aff'd* 202 F. App'x 523 (2d Cir. 2006). John does not suggest that she suffered any such tangible loss. The conduct John describes amounts, at best, to "those petty slights or minor annoyances that often take place at work and that all employees experience." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006). The only gripes John makes that could potentially be construed as adverse employment actions for purposes of Title VII or ADEA are that she "has been denied SETTS position, summer jobs and an ESL position and after school positions." Compl. at ¶ 9(14). But, again, these allegations are so inadequately pleaded that the complaint neither explains what SETTS is, nor specifies which summer jobs John was denied, which ESL and afterschool positions she sought, when plaintiff applied for any of these positions, when she was denied them, or which actors were involved in the decision-making.